UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DANIEL BANYAI, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|       v. | ) | Civil No. 2:23-CV-00101 |
| | ) | |
| TOWN OF PAWLET, | ) | |
| JUDGE THOMAS S. DURKIN, and | ) | |
| JOHN AND JANE DOE 1 through 20, | ) | |
| Whose identities are unknown at present, | ) | |
| | ) | |
|       Defendants. | ) | |

**DEFENDANT JUDGE THOMAS S. DURKIN'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND (6) AND INCORPORATED MEMORANDUM OF LAW**

Defendant Judge Thomas S. Durkin (Judge Durkin) moves to dismiss Plaintiff's Complaint against him in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Complaint is barred by judicial immunity and abstention doctrines.[1] In support, Judge Durkin relies on the below memorandum of law.

**MEMORANDUM OF LAW**

**Preliminary Statement**

Plaintiff and the Town of Pawlet have been litigating Plaintiff's zoning violations for years. The extensive history is described in several reported decisions and filings. *See, e.g., Town of Pawlet v. Daniel Banyai*, 2022 VT 4, 274 A.3d 23; Opinion and Order 6/5/23 Dkt. No. 11.

---

[1] Judge Durkin moves for dismissal on these jurisdictional grounds consistent with Rules 12(b)(1) and 12(h); additional defenses may apply and will be argued as permitted by the Rules and the Court as circumstances require.

Here, Plaintiff objects to his obligation to comply with a merits decision issued by Judge Durkin and affirmed by the Vermont Supreme Court. Plaintiff cannot appeal state court decisions to this Court. As this Court has already noted in its June 5, 2023 Opinion and Order, judicial immunity, the *Rooker Feldman* doctrine, and *Younger* abstention all bar Plaintiff's efforts here. His Complaint against Judge Durkin should be dismissed in its entirety.

## Background

Elements of Plaintiff's litigation history with the Town of Pawlet that are most relevant to this Motion and Memorandum in Support are highlighted below.

The zoning enforcement matter brought by the Town against Plaintiff is before Judge Durkin, a Vermont Superior Court judge assigned to the Environmental Division. Judge Durkin issued a merits decision ("Merits Decision") on March 5, 2021, enjoining Plaintiff from unpermitted use of his property and imposing fines. Compl. Ex. 1.

Plaintiff appealed. Among other arguments, he asserted constitutional defenses. *See, e.g.,* Primary Brief of Daniel Banyai, Appellant, *Town of Pawlet v. Banyai*, No. 2021-096, 2021 WL 4170662 (Vt.) (Appellate Brief), pp. 28-30 (Separation of Powers); pp. 11-12 (First Amendment). The Vermont Supreme Court affirmed the Merits Decision and Judgement Order. *Town of Pawlet v. Daniel Banyai*, 2022 VT 4, 274 A.3d 23.

Since then, Plaintiff and the Town have been litigating post-judgment enforcement of the Merits Decision. Following an evidentiary hearing, Judge Durkin issued a decision on February 8, 2023, finding Plaintiff in contempt ("Contempt Decision"). Compl. Ex. 2. Plaintiff moved for reconsideration; Judge Durkin mostly denied his request while granting Plaintiff more time to comply. Plaintiff did not appeal.

Plaintiff now makes four 42 U.S.C. § 1983 claims against all Defendants. He alleges: (a) selective prosecution in violation of the Equal Protection Clause of the Fourteenth Amendment; (b) differential treatment in violation of the Equal Protection Clause; (c) violation of Due Process in violation of the Fourteenth Amendment, and (d) violation of his rights under the Second Amendment. Compl. pp. 13-19. In addition to asking this Court to overturn the Merits Decision, Plaintiff sought prospective relief barring enforcement of that Decision and the Contempt Decision, which this Court denied. Opinion and Order, June 5, 2023, Dkt. No. 11.

As this Court noted, Plaintiff's attempt to have the federal court undo existing state court orders and interfere with a pending state proceeding is barred by several doctrines, including judicial immunity and abstention. Each is addressed in turn.

## Legal Standards

A party invoking the federal court's jurisdiction bears the burden of demonstrating that jurisdiction. *Durant, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). Arguments for dismissal based on lack of jurisdiction under Rule 12(b)(1) should generally be addressed first. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction," other defenses are moot (quoting and citing 5 Wright & Miller, Federal Practice and Procedure, § 1350, p. 548 (1969))).

The standards for deciding Rule 12(b)(1) and 12(b)(6) motions are similar, with some differences. In both contexts, courts accept as true all material facts in a complaint and draw reasonable inferences in a plaintiff's favor. *Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 365 (S.D.N.Y. 2017). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,

3

968 F.2d 196, 198 (2d Cir. 1992) (citation omitted). Courts may refer to evidence outside the pleadings in the Rule 12(b)(1) context. *Zappia Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). To survive a 12(b)(6) motion, a plaintiff must plead sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When facing a Rule 12(b)(1) motion, "the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence." *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 499 (S.D.N.Y. 206) (citing *Makarov v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In the 12(b)(6) context, the movant bears the burden. *Feldheim*, 257 F. Supp. 3d at 365-66 ("This allocation of the burden of proof is the only substantive difference between the standards of review under these two rules." (internal quotation omitted)).

Judicial immunity may be addressed as a jurisdictional issue under Rule 12(b)(1). "Issues of absolute immunity are properly considered under Rule 12(b)(1)." *Marshall v. N.Y. State Pub. High Sch. Athletic Assoc. Inc.*, 374 F. Supp. 3d 276, 287-88 (W.D.N.Y. 2019) (citing *Robinson v. Jarris*, No. 1:07-CV-265, 2008 WL 3979260, at *5 (D. Vt. Aug. 25, 2008)). "Judicial and quasi-judicial immunity are both absolute immunities." *Gross v. Rell*, 585 F.3d 72, 81 (2d Cir. 2009). *See Mireles v. Waco*, 502 U.S. 9 (1991) (reversing denial of judge's 12(b)(1) and (6) motion).

Abstention doctrines limit the jurisdiction of the federal courts and are addressed under Rule 12(b)(1). *See, e.g., United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013).

**Argument**

Plaintiff's claims against Judge Durkin are barred by judicial immunity and abstention doctrines. Plaintiff asks the federal court to undo existing orders and interfere in a pending state court proceeding, and one in which Plaintiff has been found in contempt. The Court should dismiss Plaintiff's Complaint against Judge Durkin in its entirety.

**I.      Plaintiff's Complaint against Judge Durkin is barred by judicial immunity.**

Plaintiff's alleged constitutional violations relate to judicial actions. He cannot show that Judge Durkin acted in a non-judicial capacity or in the total absence of jurisdiction, as is Plaintiff's burden. All of Plaintiff's claims against Judge Durkin are barred by judicial immunity and should be dismissed.

Judicial immunity is foundational to the administration of justice. It confers immunity from suit, not just damages. *Mireles v. Waco*, 502 U.S. 9, 10 (1991). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* (quotation omitted).

Judicial immunity applies to constitutional torts against state judges in federal court. *See Mireles*, 502 U.S. at 12-14; *Stump v. Sparkman*, 425 U.S. 349, 356 (1978). "The cases indicate that the federal common law on judicial immunities applies even to state officials when they are sued in federal court on federal claims." *Gross*, 585 F.3d at 80.

To qualify for judicial immunity, the actions complained of must have been made in a judge's judicial, as opposed to personal or administrative, capacity. *Mireles,* 502 U.S. at 11; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) (describing judicial versus administrative or non-judicial actions). Second, immunity may not apply to a judicial act "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11.

Plaintiff cannot demonstrate a plausible claim against Judge Durkin that survives judicial immunity. Disagreement with an order is not grounds for suit against a judge. The U.S. Supreme Court imposes an extremely high bar to overcoming judicial immunity, one Plaintiff cannot meet. *See Stump*, 435 U.S. at 356-57. Moreover, lower courts have applied the doctrine to

municipal officials facing § 1983 claims that relate to zoning disputes. *See, e.g., Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 411-12 (E.D.N.Y. 2021).

Each of Plaintiff's alleged constitutional violations relates to actions taken by Judge Durkin in his judicial capacity. Plaintiff's suit largely reflects disagreement with state court orders; he argues in part that case law other than the Vermont Supreme Court decision affirming the Merits Decision and Judgement Order applies. *See, e.g.,* Compl. ¶¶ 65-68, 77-80, 90-96 (arguing use of Plaintiff's property is controlled by Vermont case law other than *Town of Pawlet v. Banyai*, 2022 VT 4, 274 A.3d 23). Each of Plaintiff's alleged constitutional violations relates to matters within the jurisdiction of the Environmental Division of the Vermont Superior Court. *See, e.g.,* 4 V.S.A. §§ 30, 34. Plaintiff's claims against Judge Durkin are plainly based on judicial actions within the judge's jurisdiction and are barred by judicial immunity.[2]

To the extent any aspect of Plaintiff's Complaint survives judicial immunity, it is foreclosed by doctrines of abstention addressed below.

**II.     Plaintiff's attempt to bring state court litigation to federal court is barred by *Rooker Feldman* and *Younger* abstention doctrines.**

Plaintiff's attempt to have this Court undo existing state court decisions and interfere with a pending state proceeding is barred by at least two doctrines: *Rooker Feldmen* and *Younger* abstention. Each is addressed in turn.

**a.  *Rooker Feldman* bars Plaintiff from relitigating existing state court decisions.**

The *Rooker Feldman* doctrine generally precludes federal courts from sitting in review of existing state court decisions. It bars federal courts from hearing cases brought by unsuccessful

---

[2] Judicial immunity can also extend to court staff. *See, e.g., Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) (noting several circuits have found that same policies for immunity for judges "also justify a similar grant of immunity to clerks for performance of tasks that are judicial in nature and part of the judicial process," and finding court clerks immune).

state court litigants "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine helps to ensure the "validity of the State court judgments." *Adams v. Vermont Office of Child Support*, 717 Fed. App'x. 33, 34 (2d Cir. 2017) (Summary Order) (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). Courts have construed the doctrine as similar but not identical to claim and issue preclusion. *Hoblock*, 422 F.3d at 84.

The Second Circuit has identified four prerequisites to applying *Rooker Feldman*. They are: (1) the federal court plaintiff lost in state court; (2) the federal court plaintiff complains of injuries caused by a state court judgment; (3) the federal court plaintiff invites "district court review and rejection of" the state court judgment; and (4) the state court judgment was issued before the federal proceedings began, "i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation." *Id.* at 85 (citing *Exxon Mobil*, 544 U.S. at 284).

As this Court noted in its June 5, 2023 Opinion and Order, all of the *Rooker Feldman* requirements are met here. Plaintiff lost in state court when he litigated the Merits Decision unsuccessfully in the trial court and on appeal;[3] he complains of injuries caused by state court judgments; he invites this Court to review – and reject – state court decisions; and the decisions that Plaintiff challenges issued before this action was filed.

Plaintiff specifically asks this Court to reverse several aspects of the Merits Decision. The Merits Decision contains several orders and conclusions of law, including: (1) affirmance of the August 2019 Notice of Violation – which Plaintiff asks this Court to revoke, Compl. Prayer for

---

[3] *Town of Pawlet v. Daniel Banyai*, 2022 VT 4, 274 A.3d 23.

7

Relief ¶ 3; (2) voidance of the 2018 zoning permit – which Plaintiff asks this Court to reinstate, Compl. Prayer for Relief ¶ 4; and (3) imposition of fines and injunctive terms, including eventual deconstruction and removal of unpermitted buildings – which Plaintiff asks this Court to enjoin and restrain, Compl. Prayer for Relief ¶ 5.

To the extent his injuries arise from Judge Durkin's existing orders, Plaintiff's claims are barred by *Rooker Feldman*.

### b. *Younger* abstention bars Plaintiff from seeking federal interference in pending state proceedings.

*Younger* abstention generally requires federal courts to refrain from exercising jurisdiction over ongoing state proceedings. Three types of proceedings give rise to *Younger* abstention: (1) pending state criminal prosecutions; (2) state "civil enforcement proceedings," and (3) "proceedings involving state courts 'perform[ing] their judicial functions.'" *Lowell v. Vermont Dep't [for] Children and Families*, 835 Fed. App'x. 637, 639 (2d Cir. 2020) (Summary Order) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013)).

The Second Circuit looks to three other "non-dispositive" considerations in applying *Younger* abstention. They are: "(1) whether there is a 'pending state proceeding,' (2) whether that proceeding 'implicates an important state interest,' and (3) whether 'the state proceeding affords an adequate opportunity for judicial review of ... federal constitutional claims.'" *Id*. (quoting *Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015)).

Even if all *Younger* requirements are met, federal courts may exercise jurisdiction if the plaintiff can show "bad faith, harassment," or other unusual circumstances warranting equitable relief. *Younger*, 401 U.S. at 54. A plaintiff seeking to show bad faith must demonstrate that "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other

illegitimate motive" and the party bringing the action "has no reasonable expectation of obtaining a favorable outcome." *Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191, 199 (2d Cir. 2002) (quotation omitted).

Here, as this Court has already noted, the elements required for *Younger* abstention apply without exception. First, there is a pending civil enforcement proceeding in state court. Second, there are important state interests at issue in ensuring zoning enforcement orders are enforceable. *See, e.g., In New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 365 (1989) (in determining importance of State's interest in *Younger* context, court must "not look narrowly to [the State's] interest in the *outcome* of the particular case," but to the "importance of the generic proceedings to the State"). In the context of *Younger* abstention, courts have recognized the importance of state interests in zoning litigation. *See, e.g., Wandyful Stadium, Inc. v. Town of Hempstead*, 959 F. Supp. 585, 590 (E.D.N.Y 1997) (collecting cases). As this Court has noted, these interests are heightened in the context of contempt. *Juidice v. Vail*, 430 U.S. 327, 335 (1997); Dkt. No. 11, p. 10.

Finally, to the extent Plaintiff has constitutional claims not barred by claim or issue preclusion, he has potential avenues of review in state court. *See, e.g.,* 24 V.S.A. § 4472(b) (describing when constitutional claims "may be raised in the Environmental Division"); *Littlefield v. Colchester*, 150 Vt. 249, 250 (Vt. 1988) (noting failure to appeal permit decision does not necessarily bar separate § 1983 action); *In re LaBerge NOV*, 2016 VT 99, ¶¶ 15, 17-28 152 A.3d 1165 (addressing landowner's constitutional arguments in zoning litigation, and noting environmental court's jurisdiction over matters "intrinsic" to questions stated in appeal).

Indeed, Plaintiff has already raised constitutional arguments in his state court litigation. In *Town of Pawlet v. Daniel Banyai*, 2022 VT 4, 274 A.3d 23, he argued that interpretations of

9

law and his Notice of Violation violated the doctrine of Separation of Powers, *id.* ¶ 21, and implicated the First Amendment. Primary Brief of Daniel Banyai, Appellant, *Town of Pawlet v. Banyai*, No. 2021-096, 2021 WL 4170662 (Vt.) (Appellate Brief), pp. 28-30 (Separation of Powers); pp. 11-12 (First Amendment). The Vermont Supreme Court rejected his arguments.

All elements of *Younger* abstention are met. Accordingly, this Court should decline jurisdiction and dismiss Plaintiff's Complaint.

## Conclusion

For all of the above reasons, Plaintiff's Complaint against Judge Durkin should be dismissed in its entirety.

DATED at Montpelier, Vermont this 7th day of June, 2023.

Respectfully submitted,

CHARITY R. CLARK
ATTORNEY GENERAL

By:   /s/ *Sarah E.B. London*
Sarah E.B. London
David Boyd
Assistant Attorneys General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
sarah.london@vermont.gov

Counsel for Defendant Judge Durkin