UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | | |
|---|---|---|
| DANIEL BANYAI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:23-CV-00101 |
| | ) | |
| TOWN OF PAWLET, | ) | |
| JUDGE THOMAS S. DURKIN, and | ) | |
| JOHN AND JANE DOE 1 through 20, | ) | |
| Whose identities are unknown at present, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TOWN OF PAWLET'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND (6) AND INCORPORATED MEMORANDUM OF LAW**

Defendant Town of Pawlet ("Town") moves to dismiss Plaintiff's Complaint against it

pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Complaint is barred by

abstention doctrines and claim preclusion.[1] In support, the Town relies on the following

memorandum of law.

**MEMORANDUM OF LAW**

**Factual and Procedural Background and Preliminary Statement**

This Motion to Dismiss does not appear on a blank slate. As part of his initial filing,

Plaintiff filed a Motion for a Temporary Restraining Order, Preliminary Injunction and/or

Permanent Injunction (Doc. 2). This Court denied that Motion, Op. and Order, Doc. 11 at 13, and

recounted the procedural and factual background of this case, Op. and Order, Doc. 11 at 2–6.

---

[1] The Town moves for dismissal on these grounds consistent with Rules 12(b)(1) and 12(h); additional
defenses may apply and will be argued as permitted by the Rules and the Court as circumstances require.

1

In addition, Judge Durkin filed a Motion to Dismiss, arguing that the Complaint should be dismissed on grounds of judicial immunity and *Rooker–Feldman* and *Younger* abstention doctrines. Def. Judge Thomas S. Durkin's Mot. to Dismiss Pursuant to Rules 12(b)(1) and (6) and Incorporated Mem. of Law, Doc. 12. Judge Durkin's Motion to Dismiss also includes background regarding the factual and procedural history of the present dispute. *Id*. at 2–3. Rather than burden the Court or the parties with additional recitation on these topics, the Town intends to rely on the factual and procedural background already provided by this Court in its Order and by Judge Durkin in his Motion to Dismiss and to provide additional factual detail only as required by the legal argument that follows. Accordingly, the Town hereby incorporates those factual and procedural recitations by reference. *See* Doc. 11 at 2–6; Doc. 12 at 2–3 (reciting background).

However, for purposes of the Town's Motion to Dismiss, it is important to emphasize that Plaintiff's claims arise almost entirely from the Town's efforts to accomplish judicial enforcement of an unappealed Notice of Violation issued by the Town of Pawlet Zoning Administrator in August 2019 ("NOV2"). Doc. 11 at 3; Verified Compl., Doc. 1 at ¶¶ 37, 42. Those judicial enforcement efforts[2] resulted in an evidentiary hearing and the issuance of a written Decision on the Merits, dated March 5, 2021 by the Vermont Environmental Court. Decision on the Merits, Doc. 1-1 ("Merits Decision"). Plaintiff timely appealed the Merits Decision to the Vermont Supreme Court, and the Vermont Supreme Court affirmed the Merits Decision. *Town of Pawlet v. Banyai*, 2022 VT 4, ¶ 40, 216 Vt. 189, 207-208, 274 A.3d 23, 36–37. After Plaintiff failed to comply with the Merits Decision, the Town of Pawlet filed a renewed

---

[2] The enforcement action was filed in Vermont Superior Court, Environmental Division ("Environmental Court") as *Town of Pawlet v. Daniel Banyai*, Docket No. 105-9-19 Vtec.

Motion for Contempt, which, after an additional evidentiary hearing, resulted in the issuance of a

Decision on Post-Judgement Motion for Contempt and Fines by the Environmental Court

("Contempt Decision"), in which the Environmental Court found Plaintiff in contempt of Court

and imposed coercive, purgeable sanctions intended to result in Plaintiff's compliance with the

Environmental Court's orders. Doc. 1-2 at 27–29. Plaintiff's present federal complaint is an

effort to collaterally attack NOV2, the Merits Decision and the Contempt Decision.

The Town emphasizes these procedural facts, because these facts are fundamental to the

most appropriate disposition of this matter: As the following argument will show, the Complaint

should be dismissed on *Rooker–Feldman* and/or *Younger* abstention grounds under Rule

12(b)(1). In the alternative, the Complaint should be dismissed on the separate and independent

ground of claim preclusion under Rule 12(b)(6).

## Dismissal under Rule 12(b)(1)

**I.      Legal Standards Related to Rule 12(b)(1) Motions.**

The Town intends to rely on the Legal Standards enunciated in Judge Durkin's Motion to

Dismiss and hereby incorporates those legal standards by reference. Doc. 12 at 3–4.

**II.      The *Rooker–Feldman* doctrine bars Plaintiff's suit.**

All the claims asserted in the Complaint should be dismissed for lack of subject matter

jurisdiction under the *Rooker–Feldman* doctrine.

In its Opinion and Order, this Court held that Plaintiff was unlikely to succeed on the

merits of his claims because "this Court lacks appellate jurisdiction over the Plaintiff's claims

against the Defendants under the *Rooker–Feldman* doctrine." Doc. 11 at 9. The Town now

respectfully asks this Court to dismiss Plaintiff's Complaint for lack of subject matter

jurisdiction based on *Rooker–Feldman*.

As this Court has already noted, the procedural requirements of *Rooker–Feldman* are clearly met. Mr. Banyai—the federal court plaintiff in this case—repeatedly lost in Vermont state court at multiple stages of the litigation. He lost in the Environmental Court on the merits. Merits Decision, Doc. 1-1. He lost his appeal of the Merits Decision before the Vermont Supreme Court. *Town of Pawlet v. Banyai*, 2022 VT 4, ¶ 4, 216 Vt. 189, 193, 274 A.3d 23, 27. He lost before the Environmental Court during the Town's renewed motion for contempt and fines. Contempt Decision, Doc. 1-2. He lost his motion to have the Contempt Order reconsidered. Doc. 11 at 5. Moreover, he failed to appeal the Contempt Decision, even though a civil contempt order is a final order appealable as of right under Vermont law. *State v. Barrows*, 158 Vt. 445, 447–48 (1992). Accordingly, the first element of *Rooker–Feldman*—the federal court plaintiff lost in state court—is met. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Plaintiff filed the present federal Complaint *after* the state courts rendered these judgments, thereby satisfying the fourth *Rooker–Feldman* requirement—i.e., the state court judgment was issued before the federal proceedings began.[3] *Id*.

Plaintiff's Complaint also "complains of injuries caused by the state-court judgments." *Id*. Plaintiff's Complaint asserts four constitutional claims[4] that generally rely on the same central allegations. First, the claims allege that the Defendants misinterpreted NOV2 by improperly including within NOV2's ambit uses and structures that should be treated as "private

---

[3] The Contempt Decision was issued February 8, 2023. Contempt Decision, Doc. 1-2 at 29. The present federal action was filed May 30, 2023. Doc. 1 at 21.

[4] Specifically, the Complaint asserts causes of action for (1) an Equal Protection: Selective Enforcement, Compl., Doc. 1 at ¶¶ 57–72 (First Cause of Action); (2) Equal Protection: Class of One, *id*. at ¶¶ 73–83 (Second Cause of Action); (3) Substantive Due Process, *id*. at ¶¶ 87–100 (Third Cause of Action); and (4) Second Amendment Violation, *id*. at ¶¶ 101–14 (Fourth Cause of Action).

recreational uses" or "recreational activity" that are either protected or immune from regulation under Vermont law.[5] Second, the claims allege that this interpretation of NOV2 was beyond the authority of the Pawlet Zoning Administrator or the Environmental Court.[6] Third, the Complaint suggests that potential temporary incarceration and compelled deconstruction of structures is an improper remedy in the zoning enforcement context.[7] With respect to the Third Cause of Action, Plaintiff also contends that the June 2018 permit was improperly voided.[8] Importantly, all these allegations of harm are based on the contention that Vermont courts' reached incorrect legal conclusions on these issues and therefore these state courts' judgments should not be implemented or enforced. Such claims are almost, by definition, "injuries caused by the state court judgments." *E.g., Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014); *Barlow v. Nationstar Mortg. LLC*, 2022 U.S. App. LEXIS 8395, *4–5, 2022 WL 950949 (2d Cir 2022); *Grundstein v. Vermont Bd. of Bar Examiners*, 2022 U.S. App. LEXIS 14434, *7, 2022 WL 1669459 (2d Cir. 2022). This is not a scenario in which Plaintiff's claims are based on extra-judicial conduct that can be considered independently of the merits of the state court judgments. *E.g., Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022); *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 641 (2d Cir. 2021). The third *Rooker–Feldman* requirement—i.e., the federal court plaintiff complains of injuries caused by a state court judgment—is therefore met.

---

[5] *See* Complaint, Doc. 1, at First Cause of Action, ¶¶ 57, 61, 62, 65, 66; Second Cause of Action at ¶¶ 73, 77, 78; Third Cause of Action at ¶¶ 84, 90, 91; and Fourth Cause of Action, ¶¶ 101, 111–112.

[6] *See* Complaint, Doc. 1, at First Cause of Action, ¶¶ 57, 67; Second Cause of Action at ¶¶ 73, 79; Third Cause of Action at ¶¶ 84, 93; and Fourth Cause of Action, ¶¶ 101, 111–12.

[7] *See* Complaint, Doc. 1, at First Cause of Action, ¶¶ 57, 64–66; Second Cause of Action at ¶¶ 73, 77–78; Third Cause of Action at ¶¶ 84, 93; and Fourth Cause of Action, ¶¶101, 111–12.

[8] *See* Complaint, Doc. 1, at Third Cause of Action at ¶ 89.

Finally, Plaintiff expressly invites this Court to review and reject the state court decisions. As relief, Mr. Banyai asks this court to terminate the permanent injunction against the Property prohibiting any firearms-related activity, revoke NOV2, reinstate the June 2018 Permit, and enjoin the state court from enforcing any order "requiring the deconstruction and removal of Plaintiffs gun ranges, berms, and farm structures." Complaint, at Prayer for Relief, ¶¶ 2–5. To grant this relief, this Federal Court must review, vacate, and replace the Environmental Court's March 5, 2021 Merits Decision, the Vermont Supreme Court's January 14, 2022 Decision, the Environmental Court's February 3, 2022 Contempt Decision, and the Environmental Court's unappealed denial of Plaintiff's request for reconsideration of the Contempt Decision. There can be no clearer invitation to a federal court to "review and reject" a state court judgment than to ask a federal court to replace four separate final state court decisions holdings with its own.

Accordingly, because all four requirements of the *Rooker –Feldman* doctrine are met with respect to the claims in the Complaint, the Town respectfully requests this Court dismiss those claims for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.

### III.    This Court should abstain under the *Younger* abstention doctrine.

In the alternative, as a separate and independent ground for dismissal, this Court should abstain from hearing the Complaint under the *Younger* abstention doctrine. This Court has already held that Plaintiff is not entitled to preliminary injunctive relief because he is unlikely to succeed on the merits due to *Younger* abstention. Doc. 11 at 9–13. The Town now asks this Court to dismiss the Complaint on *Younger* abstention grounds as well.

With regard to *Younger* abstention, the Town relies on and hereby incorporates by reference the applicable law and argument on this subject recited in Judge Durkin's Motion to Dismiss. Doc. 12 at 8–10. To this argument, the Town adds only the observation that the United

States Supreme Court has expressly held that *Younger* abstention applies to a state court's efforts to enforce its orders via contempt proceedings. *Juidice v. Vail*, 430 U.S. 327, 335 (1997). Moreover, the U.S. Supreme Court explained that invocation of *Younger* abstention requires "no more" than the "*opportunity* [for federal plaintiffs] to present their federal claims in the state proceedings"; an "actual hearing" in state court is not required. *Juidice*, 430 at 337. In this case, Plaintiff had more than the "opportunity" to assert his federal claims as defenses in state court— he asserted federal constitutional claims as defenses in Vermont state court and lost.[9]

For these reasons, the Town respectfully requests this Court abstain from hearing Plaintiff's claims and dismiss the Complaint in its entirety on *Younger* abstention grounds.

### Arguments based on Rule 12(b)(6)

### IV.    Plaintiff's claims are barred by *res judicata*.

In the event the Court decides that the *Rooker–Feldman* doctrine or the *Younger* abstention doctrine does not apply to one or more of Plaintiff's claims, the Town respectfully requests, as a separate and independent ground for dismissal, that this Court dismiss the Complaint, under Rule 12(b)(6) on the ground that all the causes of action asserted in the Complaint are barred by claim preclusion.

### V.    Legal Standards.

As a general rule, to survive a motion to dismiss, a Complaint must state a claim that is "plausible on its face," meaning the Complaint must—setting aside all conclusory allegations

---

[9] In addition to arguing that the finality rule imposed by 24 V.S.A. § 4472 violated separation of powers under the Vermont Constitution, *Town of Pawlet v. Banyai*, 2022 VT 4, ¶ 21, 216 Vt. 189, 199 –200, 274 A.3d 23, 31–32, Plaintiff, emphasizing his status as an "NRA instructor" who "offers NRA firearms safety and proficiency classes," argued that Pawlet's Unified Bylaws do not include authority "to regulate a landowner's Constitutional right of peaceable assembly and freedom of association in private recreational activities on their own property. *U.S. Constitution Amendment 1*; *Vermont Constitution Chapter I Article 1*." *Town of Pawlet v. Daniel Banyai*, Vermont Supreme Court. Docket No. 2021-096, Primary Brief of Daniel Banyai, Appellant, at 27–28.

and legal assertions—contain sufficient factual matter to state a claim for relief. *E.g., Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019). However, in addition to this general legal standard, which is applicable to all Rule 12(b)(6) motions, this case requires consideration of the legal standards applicable to the doctrine of claim preclusion or *res judicata*.

"Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply Vermont claim preclusion law to Vermont state court judgments." *Demarest v. Town of Underhill*, 2022 U.S. App. LEXIS 33638, *2, 2022 WL 17481817 (2d Cir. 2022); *also Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984); *Hoblock*, 422 F.3d at 93; *Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, ¶ 10, 178 Vt. 51, 55, 869 A.2d 103, 108.

Vermont's "[Claim preclusion] bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *In re Burns 12 Weston St. NOV*, 2022 VT 37, ¶ 13, 283 A.3d 947, 952; *also Faulkner*, 2004 VT 123, ¶ 8, 178 Vt. at 54; *Agency of Natural Res. v. Supeno*, 2018 VT 30, ¶ 13, 207 Vt. 108, 113, 185 A.3d 1264, 1269; *Berlin Convalescent Ctr. v. Stoneman*, 159 Vt. 53, 56 615 A.2d 141 (1992); *Cornelius v. State*, 2021 Vt. Unpub. LEXIS 49, *3–4, 2021 WL 1853674 (Vt. 2021) (entry order). "The doctrine specifically bars defendants from using defenses available in one action as the basis for a claim in a later action." *Merrilees v. Treasurer*, 159 Vt. 623, 624, 618 A.2d 1314 (1992) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4414, at 111 (1981)); *also Lamb v. Geovjian*, 165 Vt. 375, 381, 683 A.2d 731, 735 (1996).

"In determining whether two issues or two causes of action are sufficiently similar for claim preclusion purposes, [the Vermont Supreme] Court has focused on whether the same evidence will support both of them," *Faulkner*, 2004 VT 123, ¶ 11, 178 Vt. at 56, and "whether the facts are related in time, space, origin, or motivation," *Demarest v. Town of Underhill*, 2021 VT 14, ¶ 13, 214 Vt. 250, 256, 256 A.3d 554, 559; *see also Berlin Convalescent Ctr. v. Stoneman*, 159 Vt. 53, 60 (1992) (discussing considerations for determining whether causes of action are the same); *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *4, 2022 WL 424881 (Vt. 2022) (entry order) (same).

When it applies, Vermont's claim preclusion doctrine "bars not only issues actually litigated but also those which 'should have been raised in previous litigation.'" *Berlin Convalescent Ctr. v. Stoneman*, 159 Vt. 53, 56 (1992); *also Billewicz*, 2022 Vt. Unpub. LEXIS 15, *4, 2022 WL 424881. For this reason, a "second action is barred even where it will include evidence or grounds or theories of the case not presented in the first action, or … remedies or forms of relief not demanded in the first action." *Demarest*, 2021 VT 14, ¶ 13, 214 Vt. at 256, 256 A.3d at 559 (citing *Faulkner*, 178 Vt. 51, 2004 VT 123, ¶ 14, 869 A.2d 103) (internal quotation marks omitted).

Vermont law will consider claim preclusion arguments—and bar an action based on claim preclusion—on a motion to dismiss. *E.g., Faulkner*, 2004 VT 123, ¶¶4–14, 178 Vt. at 53-54, 869 A.2d at 106–07; *Cornelius*, 2021 Vt. Unpub. LEXIS 49, *2–3, 2021 WL 1853674 (Vt. 2021) (entry order); *Brandt v. Menard*, 2018 Vt. Unpub. LEXIS 98, *2–3 (Vt. 2018) (entry order).

This Court has done the same, while applying Vermont's claim preclusion doctrine. *E.g.,*

*Billewicz v. Town of Fair Haven*, 2022 U.S. Dist. LEXIS 164427, *18-30, 2022 WL 4115966

(D. Vt. 2022); *Madden v. Town of New Haven*, 2015 U.S. Dist. LEXIS 91076, *12-15 (D. Vt.

2015); *Johnson v. Davis*, 2015 U.S. Dist. LEXIS 121305, *5-11 (D. Vt. 2015).

**VI.     Plaintiff's federal claims are precluded under Vermont law.**

Because the present case involves existing final judgments in former litigation between

Mr. Banyai and the Town of Pawlet, the "main issue of dispute is whether the causes of action or

defenses 'in both matters are the same or substantially identical.'" *Demarest*, 2021 VT 14, ¶12,

214 Vt. at 256, 256 A.3d at 559.

The prior litigation and the claims in the Complaint arise from the same set of operative

facts, namely, the Zoning Administrator's issuance of the appealed NOV1, the June 2018 Permit,

the unappealed NOV2 and the Town's subsequent lawsuit to enforce the unappealed NOV2.[10]

These allegations concern the same factual events (and the same legal issues) considered in *Town*

*of Pawlet v. Daniel Banyai*, Docket No. 105-9-19 Vtec.[11] When two actions at issue are based on

the same actions and events, they are the "same or substantially identical" for claim preclusion

purposes. *Faulkner*, 2004 VT 123, ¶15, 178 Vt. 51, 57, 869 A.2d 103, 109; *Demarest*, 2021 VT

14, ¶14, 214 Vt. at 256-257, 256 A.3d at 559; *Billewicz*, 2022 Vt. Unpub. LEXIS 15, *4-5, 2022

WL 424881; *Cornelius*, 2021 Vt. Unpub. LEXIS 49, *5-6, 2021 WL 1853674 (entry order).

---

[10] *See* Compl. at ¶¶ 17–56 (alleging facts related to the topics identified in the text).

[11] *See* Merits Decision, Doc. 1-1 at 5–11 (recounting factual findings and evidence underlying Merits Decision); Contempt Decision at 2–9 (recounting factual findings and evidence concerning whether Mr. Banyai "has complied with the March 5, 2021 Order").

Moreover, the claims raised in Plaintiff's Complaint are the same claims as those litigated in the prior action. Plaintiff contends that NOV2 does not apply to his training facilities or to his farm structures; the prior final judgments say it does.[12] Plaintiff contends that the June 2018 Permit is legally valid and permits the use of his property for training facilities and farm structures; the final judgments say it is not and does not.[13] Plaintiff contends that the continued use of the training facilities and farming structures on his Property complies with a proper legal interpretation of the March 5, 2021 Merits Decision; the Contempt Decision says this same conduct is contempt.[14] Plaintiff contends that the Town's efforts to enforce the NOV2 violated his constitutional rights; the final judgments reject the claim that the enforcement action was constitutionally deficient.[15] Under Vermont law, "the causes of action 'in both matters are the same or substantially identical.'" *Demarest*, 2021 VT 14, ¶ 12, 214 Vt. at 256, 256 A.3d at 559.

Accordingly, claim preclusion applies both to the claims and defenses Mr. Banyai actually asserted in the prior state litigation and to any claims or defenses that "could have been fully litigated in the prior proceeding." *Iannarone v. Limoggio*, 2011 VT 91, ¶ 15, 190 Vt. 272, 279, 30 A.3d 655, 660; *also In re Burns 12 Weston St. NOV*, 2022 VT 37, ¶ 13, 283 A.3d 947, 952; *Lamb*, 165 Vt. at 381, 683 A.2d at 735. A claim or defense could and should have been brought if all the elements of the claim or defense were present at the time of the prior litigation and there was no impediment to raising them. *Iannarone*, 2011 VT 91, ¶ 22. Here, all the claims

---

[12] Contempt Decision, Doc 1-2 at 12–13 n.6.

[13] Merits Decision, Doc. 1-2 at 21; *Town of Pawlet v. Banyai*, 2022 VT 4, ¶ 40, 216 Vt. 189, 207, 274 A.3d 23.

[14] *E.g.*, Contempt Decision at 11, 12–13 n.6, 15, 19 (discussing Plaintiff's refusal to comply with court orders and indicating "With regards to Respondent's proffers that his inactions were not in contempt but rather innocent mistake, the Court finds them ingenuine, inadequate, and not credible.").

[15] *Town of Pawlet v. Banyai*, 2022 VT 4, ¶¶ 18–21, 216 Vt. 189, 198–200, 274 A.3d 23, 30–32.

asserted in Mr. Banyai's Complaint could have been raised as defenses to the Town's zoning

enforcement action. As discussed above, many of the issues raised in the Complaint were

actually litigated as defenses in state court. The issues and defenses that do not appear to have

been directly litigated in the prior litigation are either issues that Plaintiff chose not to appeal

(such as the initial issuance of the NOV2 or the Contempt Decision) or are claims that could

have been raised and litigated by Plaintiff as defenses to the zoning enforcement action but were

not.

Because Plaintiff's present Complaint is precluded under Vermont law by the doctrine of

claim preclusion, the Town respectfully requests this Court dismiss the Complaint with prejudice

on the ground that the claims contained within it are precluded under Vermont law.

## VII.    Conclusion.

The preceding discussion provides three separate and independent grounds for dismissing

Plaintiff's Complaint. First, the Complaint should be dismissed because this Court lacks subject

matter jurisdiction under the *Rooker–Feldman* doctrine. Second, even if subject matter

jurisdiction does exist, this Court should abstain from hearing the present Complaint under the

*Younger* abstention doctrine. Finally, even if subject matter jurisdiction exists and the Court

determines it need not abstain, the Complaint should be dismissed because the claims asserted in

the Complaint are claim precluded under Vermont law. For all these reasons, the Town

respectfully requests this Court dismiss the present Complaint with prejudice.

RESPECTFULLY SUBMITTED this 12th day of June, 2023.

CARROLL, BOE, PELL & KITE, P.C.


BY:/s/ Kevin L. Kite_____
Kevin L. Kite, Esquire
64 Court Street, Middlebury, VT  05753
(802) 388-6711; kkite@64court.com
*Attorneys for Town of Pawlet*

WOOLMINGTON, CAMPBELL, BENT &
STASNY, P.C.


BY:/s/ Merrill E. Bent_____
Merrill E. Bent, Esq.
P.O. Box 2748 (4900 Main Street)
Manchester Center, VT 05255
(802) 362-2560;
Merrill@greenmountainlaw.com
*Attorneys for Town of Pawlet*

13