UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DANIEL BANYAI, )<br>)<br>        Plaintiff, )<br>)<br>     v. )<br>)<br>TOWN OF PAWLET, )<br>JUDGE THOMAS S. DURKIN, and )<br>JOHN AND JANE DOE 1 through 20, )<br>Whose identities are unknown at present, )<br>)<br>        Defendants. ) | Civil No. 2:23-CV-00101 |

**DEFENDANT TOWN OF PAWLET'S MEMORANDUM IN REPLY
TO PLAINTIFF'S OPPOSITION TO THE TOWN'S MOTION TO DISMISS**

Defendant Town of Pawlet ("Pawlet" or "Town"), by and through its attorneys, Carroll, Boe, Pell & Kite, P.C., hereby files its Reply to Plaintiff's Opposition to the Town's Motion to Dismiss (the "Opposition") and in further support, states as follows:

**I.     This court should exclude the extraneous materials Plaintiff offers.**

Apparently fearing that the allegations in his Complaint are insufficient to survive dismissal, Plaintiff asks this Court to consider matters outside the pleadings, in the form of three Affidavits, a Tweet, and an Assurance of Discontinuance issued in an unrelated case. Opposition, Exhibits B, C, D, E, and G. Plaintiff argues these additional materials provide "evidence regarding unlawful motivations and selective enforcement regulations against him by Defendant, Town of Pawlet." Opposition at 1.

These materials should be excluded and should not be considered. F.R.C.P. 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

1

"[T]he conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory.'" *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

The Town's Motion to Dismiss is based, in part, on Rule 12(b)(6). Motion to Dismiss at 7-12 (seeking dismissal based on claim preclusion). The Town respectfully requests this Court exclude the proffered materials and decline to consider them in connection with the 12(b)(6) motion. Therefore, in reliance on Rule 12(d), the Town will not respond to the extraneous materials with respect to the 12(b)(6) motion unless and until the Court provides notice that it intends to apply the procedures, protections and requirements of F.R.C.P. 56.

The Town also requests that the Court exclude the proffered materials from consideration in the 12(b)(1) motion as well. Although a court may consider outside materials while deciding whether subject matter jurisdiction exists under a 12(b)(1) motion, "Rule 56 is relevant to the jurisdictional challenge in that the body of decisions under Rule 56 offers guidelines in considering evidence submitted outside the pleadings." *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). As Rule 56 requires, affidavits offered in support of jurisdiction should be relevant and based on personal knowledge. *Kamen*, 791 F.2d at 1011. Conclusory and hearsay statements should not be considered. *Id*.

Plaintiff's Affidavits are replete with innuendo, rumor, conclusory opinion, and hearsay. The Affiants refer repeatedly to their belief or opinion,[1] recount what they "heard" or "understand,"[2] and state conclusory facts based on the qualification "to my knowledge,"[3] without

---

[1] Exhibit B (Waite Affidavit) at ¶¶ 7, 8, 9, 10, 18, 27, 32; Exhibit C (Leach Affidavit) at ¶¶ 7, 8, 9, 10, 13, 14; Exhibit D (Kravitt Affidavit) at ¶ 8.
[2] Exhibit B (Waite Affidavit) at ¶¶ 14; 17, 19; Exhibit C (Leach Affidavit) at ¶¶ 5, 10, 11, 14; Exhibit D (Kravitt Affidavit) at ¶¶ 7, 8, 9, 10.
[3] Exhibit B (Waite Affidavit) at ¶¶ 19, 26, 33; Exhibit D (Kravitt Affidavit) at ¶¶ 5, 6, 12.

providing any basis for why or how they should be expected to have personal knowledge as to those facts. Notably absent from the extraneous materials is any competent evidence regarding specific, relevant conduct by town officials. The Affidavits attempt to buttress with rumor claims the Complaint's allegations cannot support. For these reasons, the Town respectfully requests the Court reject those Affidavits in considering the Town's 12(b)(1) motion to dismiss.[4]

## II. *Rooker–Feldman* applies because the injuries of which Plaintiff complains were "caused by" the Vermont state orders Plaintiff seeks to nullify and replace.

In his Opposition, citing *McKithen v. Brown*, 481 F.3d 89 (2d Cir. 2007), Plaintiff argues that *Rooker–Feldman* does not apply here because Plaintiff's claimed injuries were not "caused by" the Vermont State Court judgments.[5] Opposition at 14–15. Plaintiff argues the Town exercised "sole discretion" over all matters in the state proceedings and suggests the Vermont Courts "simply ratified, acquiesced in, or left unpunished" the Town's unlawful romp. *Id*. at 14.

This characterization is ludicrous, given the allegations in the Complaint and Plaintiff's express request for rejection and nullification of the Vermont court orders issued in the state court proceedings. The Complaint specifically accuses Judge Durkin of actively ruling on contested issues to reach what Plaintiff alleges are incorrect, illegal, and untenable results.[6]

---

[4] Presumably, Plaintiff will not object to exclusion of the extraneous material. After filing the Opposition, Plaintiff filed Plaintiff Daniel Banyai's Motion to Amend the Complaint Pursuant To Rule 15(a)(2) and Incorporated Memorandum of Law (Doc. 17) ("Motion to Amend"), which seeks to add to an Amended Complaint the same extraneous materials offered here. In the Motion to Amend, Plaintiff concedes that the extraneous material "does not directly affect the contents of the Town's pending motion to dismiss." Motion to Amend at 3.

[5] Plaintiff does not dispute that the other three elements of the *Rooker-Feldman* doctrine exist.

[6] Complaint at ¶ 42 (alleging that Judge Durkin granted the Town's summary judgment motion in part, meaning "Plaintiff was now precluded from contesting the violations listed in the NOV2"); ¶ 43 (alleging Judge Durkin voided the June 2018 Permit, a ruling that Plaintiff claims is "not supported by any Vermont Statute)"; ¶ 44 (alleging that Judge Durkin ordered Plaintiff to remove all unpermitted buildings from the Property, a "sweeping declaration" that Plaintiff alleges "went well beyond the plain text and meaning of NOV2" and "allowed the Town to illegally expand NOV2 beyond its rightful scope"); ¶ 45 (alleging that Judge Durkin permanently enjoined Plaintiff from operating a shooting range/school on the Property and order the injunction to be recorded in the land records, thereby binding subsequent land owners); ¶ 47 (alleging the Vermont Supreme Court affirmed Judge Durkin's Merits Decision); ¶ 52 (alleging that during the subsequent contempt proceedings, Judge Durkin "denied Plaintiff the benefit of raising the farm structure exemption" allowing NOV2 to extend "beyond its jurisdictional reach"); ¶ 54 (alleging that Judge Durkin threatened Plaintiff with immediate arrest if he failed to comply with Judge Durkin's Orders); ¶ 55 (alleging Judge Durkin "granted the Town the power to control Plaintiff's imprisonment"); ¶

Plaintiff's primary relief requests are this Court's declaration that the Defendants' conduct (including Judge Durkin's) violated Plaintiff's constitutional rights and this Court's order "terminating the permanent injunction," "revoking NOV2," reinstating the June 2018 Permit, and "enjoining and restraining the Defendants (including Judge Durkin) from enforcing all prior, current or future orders requiring the deconstruction and removal of Plaintiff's gun ranges." Complaint, Prayer for Relief at ¶¶ 1–5. This is not a case of acquiescence or ratification.[7]

For similar reasons, Plaintiff's reliance on *McKithen* is misplaced. *See* Opposition at 11–13 (quoting *McKithen* at length). *McKithen*, in relevant part, holds:

> a party is not complaining of an injury "caused by" a state-court judgment *when the exact injury* of which the party complains in federal court *existed prior in time to the state-court proceedings*, and so could not have been "caused by" those proceedings.

*McKithen*, 481 F.3d at 98 (emphasis added). Here, Plaintiff's alleged injuries occurred *after* the state proceedings began and arise from and are the direct result of the very court orders that Plaintiff seeks to overturn here. These alleged injuries did not exist when the Town first issued NOV2 and Plaintiff chose not to appeal it. *All* these alleged injuries arose during the state proceedings, as a Vermont state court determined the legal consequences of Plaintiff's failure to timely appeal NOV2 and Plaintiff's failure to comply with Vermont State orders with which Plaintiff disagreed. Plaintiff's claims are a textbook example of injuries "caused by" a state court judgment. *McKithen* provides Plaintiff no shield from dismissal based on *Rooker–Feldman*.

### III. *Younger* abstention bars Plaintiff's equitable claims.

> *Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that

---

56 (alleging Judge Durkin denied Plaintiff's motion for reconsideration); Causes of Action First through Fourth (alleging repeatedly that the "Defendants"—including Judge Durkin—are liable to Plaintiff).

[7] *See Sung Cho v. City of New York*, 910 F.3d 639, 647-649 (2d Cir. 2018) (*Rooker-Feldman* did not apply because state court merely ratified a settlement agreement obtained via coercion outside judicial proceedings, judge was not a named defendant and no judicial misconduct was alleged).

proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.

*Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). Plaintiff does not dispute that these three requirements are met; instead, he tries to steer his claims within certain narrow exceptions to *Younger*. *See* Opposition at 15–18.

First, Plaintiff argues that *Younger* does not apply to his claims because, in addition to injunctive and declaratory relief, he seeks money damages. Opposition at 15–18. However, the money damages exception to *Younger* is not as broad or settled as Plaintiff suggests. The United States Supreme Court has not ruled on the issue and has merely noted that "'the extent to which the *Younger* doctrine applies to a federal action seeking *only* monetary relief' is an open question." *Jones v. Cnty. of Westchester*, 678 Fed. Appx. 48, 50 (2d Cir. 2017) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)) (emphasis added). With the Supreme Court's caveat in mind, the Second Circuit has held that *Younger* abstention will not bar a federal suit that seeks *only* money damages,[8] on the pragmatic theory that such a suit is unlikely to produce "unacceptable interference with the ongoing state proceeding." *Kirschner v. Klemons*, 225 F.3d 227, 237-238 (2d Cir. 2000).

However, the central throughline of Plaintiff's Complaint (and the TRO motion) is that the Town sought and Vermont courts granted illegal and unconstitutional relief during the course of the state court proceedings. Accordingly, resolution of any claim for money damages will be inextricably tied up with review of the legitimacy of the state court orders and inevitably lead to "unacceptable interference with the ongoing state court proceedings." *Kirschner,* 225 F.3d at

---

[8] Notably, the cases cited in Plaintiff's Opposition involve federal actions seeking only money damages. *Rivers v. McLeod*, 252 F.3d 99, 101–02 (2d Cir. 2001) (sole claim was § 1983 claim alleging Salvation Army failed to provide adequate healthcare to plaintiff's grandson); *Kirschner v. Klemons*, 225 F.3d 227, 237 (2d Cir. 2000) (sole remaining federal claim was § 1983 claim for damages based on violation of First Amendment); *Jones v. Cnty. of Westchester*, 678 Fed. Appx. 48, 50 (2d Cir. 2017) (noting that the parties assured the court "that this is a suit for money damages—and money damages only—based on alleged conduct that occurred in the past.").

5

237-238. The money damages rule is intended to allow a federal court to consider money damages that can be resolved without review or consideration of the parallel, related state court proceeding. This is not such a case, and that rule does not apply here.

Precedent supports this view. In *Kirschner*, the court applied *Younger* to the plaintiff's equitable claims and affirmed the dismissal of those claims on *Younger* grounds, leaving only the plaintiff's money damages claims. *Kirschner*, 225 F.3d at 237. The Court then applied a rule requiring federal courts to stay the money damages claims until the related state proceedings ended to allow the state court to consider the federal claims as they are presented in state court. *Id*. at 238 (citing *Deakins*, 484 U.S. at 201–03); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21 (1996) (discussing caselaw and rationale for requiring stay of money damages cases while related state proceedings resolve). Insofar as Plaintiff did not assert federal claims in state court (even though he could have), this approach does not apply to the present case.

*Younger* abstention governs, and the Town respectfully requests this court dismiss Plaintiff's Complaint on this ground.

**IV.     Plaintiff has not demonstrated the sort of bad faith that would bring his claims with the *Younger* "bad faith" exception.**

Plaintiff also attempts to shoehorn his Complaint into the narrow confines of the *Younger* "bad faith" exception. Opposition at 16–18. In support of this argument, Plaintiff cites *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 193 (2d Cir. 2002) and quotes extensively from that case's general discussion of the development of the bad faith exception. Opposition at 16–17. Although the quotations from *Diamond "D"* sound as if the case might support Plaintiff's argument, the case's facts and holdings do not.

In *Diamond "D,"* a New York Department of Labor (DOL) employee investigated complaints that Diamond was underpaying its workers. Because Diamond refused to provide

6

requested information, the DOL employee cobbled together pieces of information from various sources and applied assumptions to fill in the gaps. Based on the investigator's "inscrutable methods," the DOL issued a withholding notice of three Diamond construction projects for $1.4 million in underpayments, interest, and fines. Diamond filed a federal action, asking the federal court to order DOL to withdraw the withholding notices. The district court determined that the investigation "was so arbitrary, and its impact on Diamond "D" so severe" that the *Younger* bad faith exception was satisfied. See *Diamond "D"*, 282 F.3d at 194–97 (recounting facts).

The Second Circuit disagreed, reversing the district court and holding "that the bad faith exception has no application on [its] facts." *Id*. at 201. The Court explained, "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Id*. at 199.

Here, Plaintiff argues that "best evidence" of the Town's bad faith is that the "Town purposefully expanded the NOV to achieve a result that contradicts established Vermont law and seeks the deconstruction of Plaintiff's protected structures and conditions under threat of arrest and imprisonment." Opposition at 18. However, as in *Diamond "D,"* these alleged actions occurred *during* the state proceedings and *in* the state court orders. Moreover, the new allegations involve Town conduct that was precipitated by Plaintiff's unwillingness to cooperate with Vermont court orders. Such conduct cannot establish the presence of "bad faith" at the *outset* of the action, as the bad faith exception requires. See *Diamond "D,"* 282 F.3d at 200 (explaining that the bad faith exception only applies when the state court action is "brought with malevolent intent" at commencement.). This case, like *Diamond "D,"* involves an ordinary zoning enforcement action, which has grown extraordinary due primarily to Plaintiff's adamant

7

refusal to comply with NOV2 and the Vermont court orders.

Plaintiff has not demonstrated bad faith that would merit application of the exception to *Younger* abstention. *Younger* abstention applies, and the Town respectfully requests this Court dismiss the Complaint on that ground.

### V. Claim Preclusion.

In the Opposition, Plaintiff argues his § 1983 claims are not claim precluded because "Plaintiff did not nor could have he litigated his § 1983 claims in the prior actions." Opposition at 21–22. In support of this argument, Plaintiff relies on the purported limited jurisdiction of the Environmental Court. *Id.*

However, 24 V.S.A. § 4472 grants express authority to the Environmental Court for considering constitutional claims in the zoning context.[9] Moreover, Vermont's Environmental Court can and has considered constitutional claims of discriminatory and selective enforcement and can and will provide an opportunity to present evidence on such claims. *E.g., In re Letourneau*, 168 Vt. 539, 548–50 (1998); *Down River Invs.*, 2021 Vt. Super. LEXIS 88, *15–17 (Vt. Env. Ct. 2021); *Town of Charlotte v. Aube-Hinsdale*, 2001 Vt. Envtl. LEXIS 49, *3 (Vt. Env. Ct. 2001); *Woodstock v. Shaw*, 2001 Vt. Envtl. LEXIS 77, *5–7 (Vt. Env. Ct. 2001); *In re Appeal of R.L. Vallee*, 1999 Vt. Envtl. LEXIS 2, *6–7 (Vt. Env. Ct. 1999); *In re Valois Airplane Storage Application*, 2009 Vt. Envtl. LEXIS 14, *9-–10 (Vt. Env. Ct. 2009). In the context of a zoning *enforcement* action, such as this one, such claims are expressly authorized. *Appeal of Lovell*, 2005 Vt. Envtl. LEXIS 22, *8–10 (Vt. Env. Ct. 2005). Plaintiff's contention that Vermont's zoning enforcement procedures provided him no opportunity to raise his

---

[9] 24 V.S.A. § 4472(b) provides, in relevant part, "The remedy of an interested person with respect to the constitutionality of any one or more of the provisions of any bylaw or municipal plan shall be governed by the Vermont Rules of Civil Procedure with a de novo trial in the Superior Court, unless the issue arises in the context of another case under this chapter, in which instance it may be raised in the Environmental Division."

constitutional claims and defenses is simply wrong.

In addition to arguing that he could not have brought constitutional claims in Environmental Court, Plaintiff attempts to evade claim preclusion by reference to V.R.C.P. 60(b)(3) and 60(b)(6). This effort, too, is misguided and unsupported. The Vermont Rules of Civil procedure apply only in Vermont courts, not federal court. V.R.C.P. 1. Moreover, Plaintiff has not cited a single Vermont case indicating that V.R.C.P. 60(b)(3) or V.R.C.P. 60(b)(6) would permit him to avoid the claim preclusive effects of the Vermont state court judgments issued against him.[10] Rather, the Vermont Supreme Court has explained that Rule 60 does *not* allow a claimant to escape *res adjudicata*:

> [A]n independent action in the context of this rule is not a new action on the identical grounds as a dismissed action, but contemplates different grounds or different relief on the basis of the provisions of V.R.C.P. 60(b). In this cause, the plaintiff merely "refiled" her complaint without reference to the prior proceedings, and the plaintiff now has a "lion in her path" and that lion is the doctrine of *res adjudicata*.

*Cody v. Estate of Cody*, 134 Vt. 113, 114, 352 A.2d 684, 685 (1976).

Finally, Plaintiff argues that the Town mischaracterizes the Vermont Supreme Court opinion "by claiming that it has settled issues that were not actually decided." Opposition at 21. Plaintiff asserts that the VSC opinion did not "define" the violations in NOV2 and did not "address" any substantive matters beyond Slate Ridge. *Id*. However, the Court *did* address those issues—Plaintiff just did not like the answers he received. The Vermont Supreme Court held that Plaintiff is precluded by his failure to appeal NOV2. *Town of Pawlet v. Banyai*, 2022 VT 4, ¶17-P18, 216 Vt. 189, 198-199. The Court also explained, as a direct result of *not* appealing NOV2,

> landowner has only one valid permit, the October 2018 Permit for a garage/residential apartment, and his current school improvements and uses of his

---

[10] *Riehle v. Tudhope*, 171 Vt. 626, 630, 765 A.2d 885, 889–90 (2000), cited by Plaintiff, Opposition at 24, affirmed the denial of a request under Rule 60 on the ground that plaintiff had "failed to demonstrate that the parties' separation agreement was unconscionable and that she filed the motion within a reasonable time.").

property are violations of the Bylaws; by failing to appeal NOV2, he is precluded from arguing his uses detailed in the notice of violation are either not subject to the Bylaws or in conformance with the Bylaws, and from relying on the June 2018 Permit.

*Banyai*, 2022 VT 4, ¶17, 216 Vt. 189, 198.

Under Vermont law, claim preclusion bars all claims that "were or should have been litigated in the prior proceeding." *Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, ¶ 8, 178 Vt. 51, 54. All the issues raised in Plaintiff's Complaint are issues Plaintiff could have and/or did contest at various points in the proceeding. He lost on the merits on those issues he did contest, and he lost the opportunity to contest those issues he did not raise by failing to appeal the NOV2 and the Contempt Decision. Under Vermont claim preclusion law, he is now barred from contesting those issues any further.

For all the reasons provided here and in the Town's Motion to Dismiss, the Town respectfully requests this Court dismiss Plaintiff's Complaint on the grounds (1) that the *Rooker–Feldman* doctrine deprives this Court of subject matter jurisdiction; (2) that *Younger* requires this Court to abstain from adjudicating the Complaint, and/or (3) that Plaintiff fails to state a claim upon which relief may be granted because his claims are barred by Claim Preclusion.

RESPECTFULLY SUBMITTED this 24th day of July, 2023.

| CARROLL, BOE, PELL & KITE, P.C. | WOOLMINGTON, CAMPBELL, BENT & STASNY, P.C. |
|---|---|
| BY:/s/ Kevin L. Kite, Esq. | BY:/s/ Merrill E. Bent, Esq. |
| Kevin L. Kite, Esquire | Merrill E. Bent, Esq. |
| 64 Court Street | P.O. Box 2748 (4900 Main Street) |
| Middlebury, VT 05753 | Manchester Center, VT 05255 |
| (802) 388-6711 | (802) 362-2560 |
| kkite@64court.com | Merrill@greenmountainlaw.com |
| *Attorneys for Town of Pawlet* | *Attorneys for Town of Pawlet* |