UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DANIEL BANYAI,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TOWN OF PAWLET,<br>JUDGE THOMAS S. DURKIN, and<br>JOHN AND JANE DOE 1 through 20,<br>Whose identities are unknown at present,<br>　　　　Defendants. | Civil No. 2:23-CV-00101 |

### DEFENDANT JUDGE THOMAS S. DURKIN'S
### OPPOSITION TO MOTION TO AMEND

In response to Plaintiff's initial complaint, Judge Durkin and the Town of Pawlet both filed motions to dismiss. Plaintiff opposed only the Town's motion. While Plaintiff did not oppose Judge Durkin's motion, he has filed a motion to amend. The motion to amend was filed after the deadline for responding to Judge Durkin's motion and does not appear to be intended as a response to Judge Durkin's motion. But if it is intended as an untimely partial response, it should be denied as futile.

### Discussion

"[L]eave to amend should be given freely, as justice requires" but denied where amendment would be futile. *Montanio v. Keurig Green Mountain, Inc.*, 276 F. Supp. 3d 212, 222 (D. Vt. 2017) (denying leave to amend as futile where proposed second amended complaint would not cure deficiencies of first). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Id*. (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

As explained in more detail in Judge Durkin's motion, judicial immunity bars Plaintiff's claims against Judge Durkin because they arise out of judicial decisions. *See* Doc. No. 12 at 5-6. *Rooker Feldman* also bars Plaintiff from appealing rulings by Judge Durkin and the Vermont Supreme Court to this Court. *Id.* at 6-8. Finally, *Younger* abstention principles bar Plaintiff from challenging post-judgment proceedings in which the Town seeks to compel Plaintiff to comply with the rulings he impermissibly seeks to appeal. *Id.* at 8-10. Plaintiff's proposed amended complaint is futile for all of these reasons.

## I.   Judicial Immunity bars Plaintiff's claims against Judge Durkin

As to Judge Durkin, Plaintiff's initial complaint makes only a handful of factual allegations. Plaintiff specifically alleges that Judge Durkin is the presiding judge of the Environmental Division of the Vermont Superior Court, that Judge Durkin incorrectly resolved several issues against Plaintiff, and that Judge Durkin issued a series of orders adverse to Plaintiff. Complaint ¶¶ 15, 35, 42-45, 52–56. Plaintiff's proposed amended complaint adds only one factual allegation specifically relating to Judge Durkin: that on July 6, 2023, Judge Durkin granted a post-judgment application by the Town for Plaintiff's arrest and imposed additional fines against Plaintiff. Proposed Amended Complaint, ¶ 61.

As explained in more detail on pages 5-6 of Judge Durkin's motion to dismiss, judicial immunity is foundational to the administration of justice and it applies "to state officials when they are sued in federal court on federal claims." *Gross v. Rell*, 585 F.3d 72, 80 (2d Cir. 2009). "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" *Id.* at 84 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Because all of Plaintiff's claims against Judge Durkin arise out of

2

judicial decisions Judge Durkin made about matters within the Environmental Division's jurisdiction, judicial immunity bars all of Plaintiff's claims against Judge Durkin.

### II. Rooker Feldman bars Plaintiff from appealing Environmental Division and Vermont Supreme Court rulings to this Court

The *Rooker Feldman* doctrine bars federal courts from hearing cases brought by unsuccessful state court litigants "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It applies where a plaintiff: (1) lost in state court, (2) complains of injuries caused by a state court judgment, (3) invites review and rejection of the state court judgment, and (4) the state court judgment was issued before the federal proceedings began. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

This Court has already found that *Rooker Feldman* applies while denying Plaintiff's motion for a temporary restraining order, explaining:

> Plaintiff's suit clearly satisfies each of these elements. Plaintiff lost in state court when the Environmental Division entered the March 5 Order. Plaintiff appealed that loss to the Vermont Supreme Court, where his loss was affirmed by the highest court of the State. Plaintiff's causes of action each allege injuries caused by the state court judgments—the loss of his property and violation of his Second and Fourteenth Amendment rights caused by enforcement of the March 5 Order and Post Judgment Order.

Opinion and Order, Doc. No. 11 at 8. Each of these conclusions was correct. Plaintiff lost in state court when, as he alleges, Judge Durkin's merits decision was affirmed by the Vermont Supreme Court. Complaint ¶¶ 42, 47; *Hoblock*, 422 F.3d at 85. He also seeks to challenge a post-judgment decision Judge Durkin issued more than 30 days ago, which Plaintiff does not allege that he appealed. Complaint ¶¶ 53, 56. And Plaintiff complains of injuries caused by state court orders – the inability to use his property in several specified manners and fines. Complaint ¶¶ 42–45, 53–

3

56; *Hoblock* 422 F.3d at 85. No matter how strongly he disagrees with them, Plaintiff cannot appeal final state court decisions to this Court.

### III.     *Younger* abstention bars Plaintiff from seeking federal interference in pending state court proceedings

In addition to attempting to appeal a series of final state court orders, Plaintiff alleges that contempt proceedings to enforce those orders are ongoing. *Younger* abstention bars Plaintiff's claims relating to the contempt proceedings. *Younger* requires federal courts to refrain from exercising jurisdiction over: (1) pending state criminal prosecutions; (2) state "civil enforcement proceedings," and (3) "proceedings involving state courts 'perform[ing] their judicial functions.'" *Lowell v. DCF*, 835 Fed. App'x. 637, 639 (2d Cir. 2020) (Summary Order) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013)). And the Court has already correctly found that *Younger* "necessitates this Court's abstention from interfering in the state court's civil contempt process." Opinion and Order, Doc. No. 11 at 9. This is so because the "contempt power lies at the core of the administration of a State's judicial system" by standing in aid of its authority "so that its orders and judgments are not rendered nugatory" by litigants ignoring them. *Juidice v. Vail*, 430 U.S. 327, 335, 336, n.12 (1977).

That is exactly what Plaintiff has been seeking to do for years. Judge Durkin nevertheless thoughtfully considered the differences between purgeable and non-purgeable sanctions, issued purgeable fines designed to secure compliance, set a reasonable compliance schedule, and allowed for the possibility of Plaintiff's arrest only if he failed to comply for an additional significant amount of time. Complaint, Exhibit 2 at 16-21, 24-26. The only proposed new allegation against Judge Durkin is that, after Plaintiff failed to comply for an additional significant amount of time, Judge Durkin granted a post-judgment application by the Town "for Plaintiff's arrest and imposed fines against Plaintiff totaling $100,600." Doc. No. 17–1, ¶ 61.

4

The Court has already correctly found that to the extent "Plaintiff attacks the judgment of the Environmental Division as a bad faith interpretation" of the notice of violation, his conclusory "allegations are insufficient" to sidestep *Younger*. Opinion and Order, Doc. No. 11 at 12. And the post-judgment sanctions "imposed against Mr. Banyai" "are not punitive in nature." *Id.* The Court's observation that the "sanctions appear to be the product of a carefully reasoned assessment by Judge Durkin of the measures necessary to secure compliance" was entirely correct. Opinion and Order, Doc. No. 11 at 13. Indeed, Plaintiff's continued noncompliance amply demonstrates that lesser measures would have been insufficient. *Younger* abstention is therefore required as to Plaintiff's request that this Court intervene in the civil contempt process. *See Vail*, 430 U.S. at 335-36.

## Conclusion

The Court should grant Judge Durkin's unopposed motion to dismiss and, to the extent Plaintiff's motion to amend is intended to relate to Judge Durkin, deny it as futile.

DATED at Montpelier, Vermont, this 28th day of July 2023.

> STATE OF VERMONT
>
> CHARITY R. CLARK
> ATTORNEY GENERAL
>
> By:   */s/ David Boyd*
> David Boyd
> Assistant Attorney General
> Office of the Attorney General
> 109 State Street
> Montpelier, VT 05609-1001
> (802) 828-1101
> David.Boyd@vermont.gov
>
> Counsel for Judge Durkin