UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DANIEL BANYAI,                              )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )      Civil No. 2:23-CV-00101
                                            )
TOWN OF PAWLET,                             )
JUDGE THOMAS S. DURKIN, and                 )
JOHN AND JANE DOE 1 through 20,             )
Whose identities are unknown at present,    )
                                            )
            Defendants.                     )

**THE TOWN OF PAWLET'S OPPOSITION TO
MOTION TO AMEND THE COMPLAINT**

The Town of Pawlet (the "Town"), by and through its attorneys, Carroll, Boe, Pell &

Kite, P.C., hereby files its Opposition to the Plaintiff's Motion to Amend the Complaint and in

support thereof states as follows:

MEMORANDUM OF LAW

Plaintiff seeks leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2), which

directs that a court "should freely give leave when justice so requires." "However, amendment is

not warranted in the case of futility." *Keene v. Schneider*, 2007 U.S. Dist. LEXIS 63603, *3,

2007 WL 2463270 (D. Vt. 2007); *also Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir

2021). "Futility is assessed based on the same standard as dismissal for failure to state a claim,

such that 'leave to amend will be denied as futile only if the proposed new claim cannot

withstand a 12(b)(6) motion to dismiss for failure to state a claim.'" *Rosen v. Pallito*, 2015 U.S.

Dist. LEXIS 104088, *16 (d. Vt. 2015) (citing *Milanese v. Rust—Oleum Corp.*, 244 F.3d 104,

110 (2d Cir. 2001)).

1

Here, leave to amend should be denied as futile because the proposed amendments cannot withstand a motion to dismiss.

### Discussion

Currently pending before this Court is the Town's Motion to Dismiss on the following grounds: (1) the Court lacks subject matter jurisdiction over the Complaint under the *Rooker-Feldman* doctrine; (2) the Court should abstain from hearing the claims in the Complaint under the *Younger* abstention doctrine, and (3) the claims asserted in the Complaint are precluded under Vermont's claim preclusion doctrine. *See* Doc. 15 and Doc. 18 (making arguments). Plaintiff filed his Motion to Amend shortly after he filed his opposition to the Town's Motion to Dismiss.[1] As a result, when he filed the Motion to Amend, Plaintiff was well aware of the Town's arguments in the Motion to Dismiss. Therefore, the overarching question for resolving Plaintiff's Motion to Amend is, do Plaintiff's proposed amendments cure the defects identified in the Town's Motion to Dismiss?

Close examination of the proposed amendments to the Complaint demonstrate that the proposed amendments do not cure the jurisdictional defects imposed by the *Rooker-Feldman* and *Younger* abstention doctrines and they do not circumvent Vermont's claim preclusion bar.

Importantly, Plaintiff is *not* trying to add any new claims or new relief to his Complaint. The Proposed Amended Complaint asserts the same causes of action[2] and seeks the same relief[3] as the Complaint does. In the Proposed Amended Complaint, as in the Complaint, Plaintiff asks

---

[1] Plaintiff's Opposition to MTD, Doc. 16 was filed on July 12, 2023; Plaintiff's Motion to Amend, Doc. 17 was filed on July 14, 2023.

[2] Compare Complaint at ¶¶ 57–114 with Proposed Amended Complaint, ¶¶ 81–141 (stating same causes of action).

[3] Compare Complaint at "Prayer for Relief," ¶¶ 1–8, with Proposed Amended Complaint, "Prayer for Relief" at ¶¶ 1–8 (requesting same relief).

2

this Court to review Vermont state court orders, to find those state court orders to be unlawful, to nullify the state court orders that currently govern Plaintiff's conduct, and to interpose a federal court order between Plaintiff and a Vermont state court seeking to enforce its own orders.[4] The new allegations merely add additional adornments to Plaintiff's pre-existing claims. They do not change the underlying nature of the claims and/or the relief Plaintiff seeks. His central goal was and remains reviewing and rejecting the state court orders issued by the Vermont Environmental Court arising from the Town's zoning enforcement action of NOV2.

Moreover, the bulk of the proposed amendments do not allege specific conduct by the Town but instead allege the conduct and relationships of persons who are *not* parties to this lawsuit. Plaintiff introduces a colorful "cast of characters,"[5] each of whom is purported to have reasons to dislike Plaintiff and each of whom is purported to have exerted some unspecified political or social influence over the "Town" or unnamed "town officials"[6] for the purpose of persuading the Town to unfairly target Plaintiff in the state enforcement action.[7]

This fanciful concoction of rumor, innuendo, and conspiracy theory lacks the key ingredient of actual allegations of Town conduct.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

---

[4] Complaint at "Prayer for Relief," ¶¶ 1–5.

[5] Proposed Amended Complaint at ¶¶ 17–19.

[6] Proposed Amended Complaint at ¶ 8, ¶ 31, ¶ 66, ¶ 73, ¶ 79 (referencing unnamed "town officials").

[7] See Proposed Amended Complaint at ¶¶ 17–19, ¶ 21, ¶ 62–¶73, ¶ 92, ¶ 100, ¶ 120 (identifying the "cast of characters" and alleging their purported influence on Town conduct).

"stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

. . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S. Ct. 1937, 1949-1950 (2009).

Here, the proffered allegations regarding Plaintiff's colorful "cast of characters" do not add anything of substance to Plaintiff's claims regarding the Town itself. The allegations merely insinuate that Plaintiff's "cast of characters" had some unspecified and unstated influence on Town action; the proposed amendments do not identify any specific factual linkage between the antipathies of the nonparties and Town conduct. These allegations concerning non-party conduct could not "nudge [Plaintiff's] claims across the line from conceivable to plausible" and therefore would not survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (1974). Adding these allegations to the Complaint would therefore be futile.

The proposed amendments that *do* involve specific allegations of Town conduct still primarily focus on the Town's conduct *during* the selective enforcement action. The Proposed Amended Complaint, like the current Complaint, alleges that the Town has "aggressively enforced" NOV2 "throughout the underlying zoning enforcement proceeding." Proposed Amended Complaint at ¶ 17. Consistent with this overarching framework, the new allegations of specific conduct by *the Town* involve the Town's efforts to enforce its zoning regulations *during* the zoning enforcement proceeding in Vermont Environmental Court;[8] the proposed amendments do *not* allege specific Town conduct occurring *before* the initiation of the state enforcement

---

[8] Proposed Amended Complaint at ¶ 9, ¶ 75, ¶ 102, ¶ 103, ¶ 166, ¶ 177 (alleging Town sought and obtained a writ of mittimus for Plaintiff's arrest to compel Plaintiff's compliance with Court orders); see also ¶¶ 78–80 (alleging Town conduct in response to Plaintiff's present lawsuit) and ¶ 61 (alleging Judge Durkin granted a writ of mittimus and imposed $106,000 in fines).

action.[9] These proffered allegations of Town conduct are similar in kind to the existing allegations in the Complaint, and that similarity only further emphasizes the extent to which Plaintiff's primary goal in this federal action is to overrule and nullify the existing Vermont state court orders that currently govern Plaintiff's use of the Property.

That Plaintiff's continuing focus on appealing the Vermont Environmental Court's orders to this federal court is also evident from the proposed amendment that focuses on newly issued orders of the Environmental Court.[10] Because the proffered amendments regarding Town conduct still ask this Court to review and reject the state court orders that issued through the Vermont enforcement action, the amended pleading would still be subject to the *Rooker-Feldman* doctrine, and this Court would still lack subject matter jurisdiction over the claims for all the reasons already provided in the Town's Motion to Dismiss (Doc. 15 at 3–6) and the Town's Reply Memorandum (Doc. 18 at 3–4). Plaintiff's proposed amendments should not alter this Court's conclusion in its Opinion and Order that *Rooker-Feldman* applies to Plaintiff's claims. Opinion and Order, Doc. 11 at 8–9.

Accordingly, the Town respectfully requests this Court deny leave to amend on the ground that the proposed amendment would be futile because the *Rooker-Feldman* doctrine would apply to Plaintiff's amended claims and this Court would therefore lack subject matter jurisdiction over them. *E.g., Brady v. IGS Realty Co. L.P.*, 2021 U.S. App. LEXIS 28669, *7, __ Fed. Appx. __, 2021 WL 4302737 (2d Cir. 2021) ("Because the *Rooker-Feldman* doctrine deprived the district court of subject matter jurisdiction . . . the problem with [the claims] is

---

[9] The one potential exception is an allegation that lists alleged non-enforcements, which are apparently intended to provide Plaintiff with potential comparators for purposes of asserting his Equal Protection Claim. *See id.* at ¶ 76 (alleging Town has failed to enforce zoning regulations in connection with other properties). This allegation is not dated with any specificity.

[10] Proposed Amended Complaint at ¶ 61 (alleging that, on July 6, 2023, Judge Durkin imposed fines against Plaintiff totaling $106,000, with such fine constituting a lien on the Property").

substantive, and better pleading will not cure it."); *Marshall v. Hanson*, 2015 U.S. Dist. LEXIS

39568, *27-28, 2015 WL 1429797 (D. VT. 2015) (denying leave to amend as futile because

proposed amendments would be barred by *Rooker-Feldman* doctrine and "better pleading will

not cure those deficiencies"); *Jamil v. State Judicial Admin.*, 2014 U.S. Dist. LEXIS 202096, *7

(D. Vt. 2014) (denying leave to amend because *Rooker-Feldman* applied and "as any amendment

would be futile given the insurmountable jurisdictional bar.").

  The proffered allegations of Town conduct also do nothing to cure this Court's

determination that the *Younger* abstention doctrine applies to Plaintiff's claims. Opinion and

Order, Doc. 11 at 9–13. In the Proposed Amended Complaint, as in the Complaint, Plaintiff still

asks this Court to interfere with Vermont court orders that involve important state interests—

both the Town's interest in enforcing its zoning regulations and the Vermont Environmental

Court's interest in ensuring party compliance with its orders. *E.g., Juidice v. Vail*, 430 U.S. 327,

335-336, 97 S. Ct. 1211, 1217-1218 (1977) (civil contempt orders represent an important state

interest); *Ken-N.K., Inc. v. Vernon Twp.*, 18 Fed. Appx. 319, 324, 2001 U.S. App. LEXIS 19453,

*11-12 (6th Cir. 2001); *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1126-1127 (D.C. Cir.

2004); *Pervu v. City of Oneonta*, 2020 U.S. Dist. LEXIS 57564, *13, 2020 WL 1643392

(N.D.N.Y. 2020); *Novie v. Vill. of Montebello*, 2012 U.S. Dist. LEXIS 115948, *37-38, 2012

WL 3542222 (S.D.N.Y. 2012) (collecting cases). Accordingly, the *Younger* abstention doctrine

still applies.

  To the extent that Plaintiff's colorful account of his cast of characters' evil motives is

intended to demonstrate bad faith on the part of the Town and lift his claims out of the *Younger*

abstention doctrine, the effort misses the mark. As already discussed above, Plaintiff's reliance

on a stew of rumor, innuendo, hearsay, and gossip without any direct factual linkage to Town

conduct do not provide any plausible evidence of bad faith on the part of the Town. The Town also discussed this issue in the Town's Reply in further support of its Motion to Dismiss, in direct response to Plaintiff's attempt there to demonstrate bad faith by interposing the allegations he presents here as proposed amendments. *See* Opposition, Doc. 17 at 16–18, 22-23 (arguing evidence of bad faith based on same allegations); Reply, Doc. 18 at 6-8 (responding to Plaintiff's bad faith argument). The Town hereby respectfully requests that the Court consider that argument here, incorporated by reference, Reply, Doc. 18 at 6–8, and reject any suggestion of the Town's bad faith.

Because the *Younger* abstention doctrine applies to Plaintiff's proposed amendments and because the proposed amendments do not demonstrate the "bad faith" that would lift Plaintiff's claims out of *Younger* abstention, the Town respectfully requests this Court deny leave to amend as futile because the Court would need to abstain from hearing the claims asserted in the Proposed Amended Complaint. *E.g., Thurston v. Cotton*, 2015 U.S. Dist. LEXIS 92195, *8-12 (D. Vt. 2015) (denying leave to amend because *Younger* abstention would apply to proposed amendments); *Burke v. Toor*, 2014 U.S. Dist. LEXIS 162582, *4-5, 2014 WL 6471414 (D. Vt. 2014) (same).

Finally, Plaintiff's proposed amendments do nothing to cure the fact that Vermont's claim preclusion doctrine would still bar his claims. The basis for applying Vermont's claim preclusion doctrine to the Complaint is fully discussed in the Town's Motion to Dismiss. *See* Motion to Dismiss, Doc. 15 at 7–12. The argument asserted there applies equally here.

As already noted, Plaintiff's proposed amendments do not change the nature or substance of his claims; the proposed amendments only attempt to add additional detail. Despite the proposed amendments, the claims asserted in the Proposed Amended Complaint would still arise

from the "same nucleus of facts"[11] that are "related in time, space, origin, or motivation"[12] and focus on the same substantive issues, namely, the Town's issuance of NOV2; Plaintiff's failure to appeal NOV2; Plaintiff's subsequent failure to comply with NOV2; the Town's initiation of the state proceeding to enforce NOV2; the Vermont Environmental Court's issuance of a March 5, 2021 Decision on the Merits; Plaintiff's appeal of the Merits Decision; Plaintiff's failure to comply with the Merits Decision, even after the Vermont Supreme Court affirmed it; the Town's request for an order holding Plaintiff in contempt for failing to comply with the Mertis Decision; and the Vermont Environmental Court's February 8, 2023 issuance of the Contempt Decision. The proposed amendments—which add allegations of imposed fines and the issuance of a writ of mittimus for Plaintiff's arrest—do not change the fact that, under Vermont law, Plaintiff's claims in the Proposed Amended Complaint are "the same of substantially identical"[13] to the claims addressed in the underlying enforcement action and are therefore barred by Vermont claim preclusion.

Moreover, at each step of the long and tortuous process just recounted—which was extended largely by Plaintiff's own "willful"[14] and "perhaps enthusiastic"[15] ignorance of the Vermont Environmental Court's orders—Plaintiff had the opportunity to present in Vermont courts the claims he presents here. Indeed, Plaintiff did assert some of these claims in Vermont state court and lost; Plaintiff could have asserted the others but he did not. Vermont claim

---

[11] *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *5, 2022 WL 424881 (Vt. 2022)

[12] *Demarest v. Town of Underhill*, 2021 VT 14, P14, 214 Vt. 250, 256-257, 256 A.3d 554, 559; *Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, 13, 178 Vt. 51, 56, 869 A.2d 103, 109.

[13] *Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, 8, 178 Vt. 51, 54, 869 A.2d 103, 107; *Berlin Convalescent Ctr. v. Stoneman*, 159 Vt. 53, 56 (1992).

[14] Contempt Decision, Doc. 1-2 at 25.

[15] *Id.*

preclusion applies to all claims that could or should have been brought in a prior action, and Plaintiff's present claims could and should have been brought in Vermont State Court. The proposed amendments do not add any additional claims that could not have been asserted earlier. For this reason, the Town respectfully requests this Court deny leave to amend as futile on the ground the proposed amendments would be barred by Vermont's claim preclusion.

**Conclusion**

Plaintiff's proposed amendments would not change the claims or relief Plaintiff seeks in the Complaint. Under *Rooker-Feldman*, this Court would lack subject matter jurisdiction to hear Plaintiff's claims, even as amended. Even if *Rooker-Feldman* did not apply, this Court should abstain from hearing those claims, even as amended, under the *Younger* abstention doctrine. Finally, even if *Rooker-Feldman* or *Younger* did not bar this Court's consideration of Plaintiff's claims, Plaintiff's claims—even as amended—would be barred under Vermont's claim preclusion doctrine. For all these reasons, the proposed amendments to Plaintiff's Complaint are futile, and the Town of Pawlet respectfully requests this Court deny Plaintiff leave to amend his Complaint on that ground.

Respectfully submitted this 28th day of July 2023.

CARROLL, BOE, PELL & KITE, P.C.

BY: _____

Kevin L. Kite, Esquire
64 Court Street
Middlebury, VT  05753
(802) 388-6711; kkite@64court.com
*Attorneys for Town of Pawlet*